Ms. Mitzi Ruth Mr. Bobby Carr Mr. Jeff Gaston Mr. Stanley Massanelli Mr. Joseph Warren c/o Ken Ferguson City of Pine Bluff Personnel Department 200 E. 8th Avenue, Room 104 Pine Bluff, Arkansas 71601
Dear Sirs and Madame:
You have each requested an official Attorney General opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through -107).
It is my understanding that a request has been presented to the City of Pine Bluff for the following:
• Your applications
• Your resumes
• Your dates of hire
• One of your job descriptions
The custodian of the records has determined that these items should be released. I am required by law to issue my opinion as to whether the custodian's decision is consistent with the FOIA. A.C.A. §25-19-105(c)(3)(B).
It is my opinion that the custodian's decision is consistent with the FOIA. I will address each of the items separately.
Applications
This office has regarded the job applications of successful job applicants as "personnel records," within the meaning of the FOIA. Such applications must therefore be scrutinized under the disclosability standard that is set forth in the FOIA for personnel records. Under that standard, personnel records are disclosable except to the extent that their disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(10).
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
The question of whether a "clearly unwarranted invasion of personal privacy" has occurred is a question of fact. See Op. Att'y Gen. No.98-001. If the custodian of the records has determined that it cannot be factually established that the release of your job applications would constitute a clearly unwarranted invasion of your personal privacy (by showing that your privacy interest in the job application outweighs the public's interest in it), the job applications should be released under the FOIA's disclosability standard for "personnel records."
I must note that I have not been provided with a copy of your job applications and therefore cannot make a determination as to the nature of the information contained in them. This office has previously noted, however, that it would be unusual for a job application to contain information sufficiently private to warrant withholding the record from public inspection. See Ops. Att'y Gen. Nos. 98-102; 95-291.
Resumes
Like applications, resumes of successful job applicants are "personnel records," within the meaning of the FOIA. Again, therefore, their releasability must be evaluated under the standard that is applicable to such records, as discussed above. Nevertheless, it is highly unlikely that a resume, which is normally prepared by the individual for public, rather than private, use, would contain any information of a private nature. Accordingly, if the custodian of the records has evaluated your resumes under this standard and has found no private information, they should be released.
Dates of Hire
I must note as an initial matter that a request for a "date of hire" is a request for information, rather than a request for records. The FOIA does not govern such requests. That is, the FOIA does not require the provision of information in response to a request; rather, it requires only the release of records. Moreover, the FOIA does not require a custodian of records to compile requested information so as to create a record to be provided to a requestor. See Ops. Att'y Gen. Nos. 98-075; 97-048; WATKINS, The Arkansas Freedom of Information Act 72 (2nd ed. 1994), and Attorney General Opinions cited therein.
Nevertheless, certain records may exist that reflect your dates of hire. In order to determine whether those records should be released, it would be necessary to determine whether they fall within any of the exemptions set forth in the FOIA, such as the exemption for employee evaluation/job performance records, or the exemption for personnel records. For a discussion of the standards of disclosability for such records, see Op. Att'y Gen. No. 99-008. In any event, a date of hire is not the type of information that is normally regarded as carrying any inherent and protectable privacy interest. This type of information is normally disclosable. If it happens to be contained in a record that also contains non-disclosable information, the non-disclosable information should be redacted prior to the release of the record.
Job Descriptions
A request for a job description, like a request for a date of hire, is a request for information, rather than a request for a record. I reiterate that the FOIA does not require the provision of information, and that the custodian of the records is not required to create a record to respond to a request made under the FOIA.
Nevertheless, a job description may be contained in a record. Indeed, if such a record has been created without regard to any particular employee, and contains only the job description, that record would constitute a "public record" within the meaning of the FOIA. It would not be subject to any of the exemptions from disclosure that are set forth in the FOIA, see A.C.A. § 25-19-105(b), and should therefore be released.
If the job description is contained in a record that contains other information — particularly information about individual employees, the records must be scrutinized for the purpose of determining how it should be classified, which will be directly relevant to its releasability. In any event, it should be noted that job descriptions, in and of themselves (i.e., without reference to particular employees) do not constitute the type of information that is exempt from disclosure. As noted previously, if disclosable information happens to be contained in a record that also contains non-disclosable information, the non-disclosable information should be redacted prior to the release of the record.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh